## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
### Wheeling

**SOUTHERN COUNTRY FARMS,
INC.,** a West Virginia Corporation,
individually, and on behalf of all
individuals and legal entities
similarly situated**,**

        Plaintiff,

    v.                              **CIVIL ACTION NO. 5:21-CV-84**
                                         Judge Bailey

**TH EXPLORATION, LLC,
TH EXPLORATION II, LLC,** and
**TUG HILL OPERATING, LLC,**

        Defendants.

### MEMORANDUM OPINION AND ORDER GRANTING
### IN PART MOTION FOR PARTIAL DISMISSAL

Pending before this Court is TH Exploration, LLC, TH Exploration II, LLC, and Tug Hill Operating, LLC's Motion for Partial Dismissal of Plaintiff's Complaint and to Strike the Class Allegations [Doc. 21], filed October 1, 2021. Therein, defendants ask this Court to dismiss Counts II and III of the Complaint, strike the allegations regarding predecessor liability, strike the requests for punitive damages and attorneys' fees, and to strike the class allegations. Plaintiff filed a response in opposition to the Motion on October 25, 2021. [Doc. 26]. Defendants filed a reply on November 1, 2021. [Doc. 29]. Accordingly, the Motion is fully briefed and ripe for decision. For the reasons that follow, the Court will grant the Motion in part.

## BACKGROUND

This case arises out of alleged underpayment of royalties and for production on oil and gas leases; plaintiff is a lessor and seeks to represent a class of lessors; defendants are successor lessees to leases originally held by Gastar Exploration USA, Inc. ("Gastar"). The Complaint in this case alleges defendants breached the contract by deducting amounts not permitted by the leases, that they negligently or fraudulently misrepresented material facts, that defendants were unjustly enriched by taking funds to which they had no legal right, that they are entitled to an accounting from defendants, and seeks a declaratory judgment and injunctive relief.

In their memorandum in support of the Motion, defendants raise five arguments. First, defendants argue that Count II, for misrepresentation, and the portion of Count III for conversion should be dismissed because they are barred by the gist of the action doctrine. Second, they argue that the unjust enrichment claim in Count III should be dismissed because there is an express contract in this case. Third, they argue that this Court should strike the allegation regarding predecessor liability because plaintiff has not alleged facts to support this allegation. Fourth, that the Court should strike the request for punitive damages and attorneys' fees because those are dependent on the tort claims, which should be dismissed. Finally, they ask this Court to strike the class allegations because the proposed class is overbroad.

## LEGAL STANDARD

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." ***Bell Atl. Corp. v. Twombly***, 550 U.S. 544, 570

2

(2007); *see also* **Giarratano v. Johnson**, 521 F.3d 298, 302 (4th Cir. 2008) (applying the **Twombly** standard and emphasizing the necessity of *plausibility*). When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiff, and must view the allegations in a light most favorable to the plaintiff. **Edwards v. City of Goldsboro**, 178 F.3d 231, 243–44 (4th Cir. 1999).

When rendering its decision, the Court should consider only the allegations contained in the Complaint, the exhibits to the Complaint, matters of public record, and other similar materials that are subject to judicial notice. **Anheuser-Busch, Inc. v. Schmoke**, 63 F.3d 1305, 1312 (4th Cir. 1995). In **Twombly**, the Supreme Court, noted that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ." **Twombly**, 550 U.S. at 555, 570 (upholding the dismissal of a complaint where the plaintiffs did not "nudge[ ] their claims across the line from conceivable to plausible.").

This Court is well aware that "[M]atters outside of the pleadings are generally not considered in ruling on a Rule 12 Motion." **Williams v. Branker**, 462 F. App'x 348, 352 (4th Cir. 2012). "Ordinarily, a court may not consider any documents that are outside of the Complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." **Witthohn v. Fed. Ins. Co.**, 164 F. App'x 395, 396 (4th Cir. 2006). However, the Court may rely on extrinsic evidence if the documents are central to a plaintiff's claim or are sufficiently referred to in the Complaint. **Id**. at 396–97.

3

**DISCUSSION**

I.     **The claims for misrepresentation and conversion are barred by the gist of the action doctrine and should be dismissed.**

"The 'gist of the action doctrine' applies where one of the following four factors is present:

> (1) where liability arises solely from the contractual relationship between the parties; (2) where the alleged duties breached were grounded in the contract itself; (3) where any liability stems from the contract; and (4) when the tort claim essentially duplicates the breach of contract claim or where the success of the tort claim is dependent on the success of the breach of contract claim.

*Gaddy Eng'g Co. v. Bowles Rice McDavid Graff & Love*, 231 W.Va. 577, 586, 746 S.E.2d 568, 577 (2013). In short, to determine whether a tort claim can be sustained separate from the breach of contract claim, the court must examine 'whether the parties' obligations are defined by the terms of the contract.' *Id.*" *Rodgers v. Southwestern Energy Co.*, 2016 WL 3248437, at *3 (N.D. W.Va. June 13, 2016) (Bailey, J.). "Succinctly stated, whether a tort claim can coexist with a contract claim is determined by examining whether the parties' obligations are defined by the terms of the contract." *Gaddy*, 231 W.Va. at 586, 746 S.E.2d at 577 (2013).

As noted by defendants, this Court has previously found that a fraud claim related to misrepresentations about the royalties owed under the oil and gas lease are barred by the gist of the action doctrine. *See Corder v. Antero Resources Corporation*, 322 F.Supp.3d 710, 723 (N.D. W.Va. 2018) (Keeley, J.). In *Corder*, the complaint alleged

4

claims for, among others, breach of contract related to an oil and gas leases and fraud. The fraud allegations concerned alleged misrepresentations about defendants right to take deductions from plaintiffs' royalty, reducing plaintiffs' royalty payments, misrepresenting the volume taken from plaintiffs' property, overcharging for services, claiming plaintiffs' royalty due was less than the amount actually due, and failing to report to plaintiffs that they were extracting and selling liquids from plaintiffs' natural gas. *Id.* at 721. The Court found that the alleged fraud arose solely from the contractual relationship created by the oil and gas leases and was thus barred by the gist of the action doctrine. *Id.* at 723.

The Court finds that the same analysis applies here. Plaintiff has asserted a claim for misrepresentation, alleging that defendants misrepresented (1) "that the sale prices reflected in its royalty statements were the true market value of the oil, gas, and associated products;" (2) the volume of oil and gas produced under the lease; (3) the costs charged before calculating royalties; (4) the monetary reductions in royalty proceeds; (5) that the sale of the products was to a true third-party in an arms-length transaction; and (6) other unspecified misrepresentations. [Doc. 1 at 20]. As in *Corder*, the alleged fraud arises solely from the contractual relationship created by the lease and, as such, this claim should be dismissed.

Insofar as Count III of the Complaint asserts a claim for conversion, it is likewise barred by the gist of the action doctrine. Plaintiff alleges that defendants are liable under a theory of conversion because they have taken oil and gas and related products from plaintiff for their own purposes and without consent or payment. [Doc. 1 at 21]. This claim is entirely dependent on the success of the breach of contract claim because it is based

5

on defendants failure to pay the proper amounts under the lease.   This Court has previously found that the gist of the action doctrine applies to a conversion claim when the alleged conversion is based on failure to pay the proper amount under the oil and gas lease. ***Rodgers v. Southwestern Energy Company***, No. 5:16-CV-54, 2016 WL 3248437, at *3 (N.D. W.Va. June 13, 2016) (Bailey, J.).  Accordingly, the conversion claim should be dismissed.

In this case, the requests for punitive damages and attorneys' fees are dependent on the tort claims.  Because the tort claims are being dismissed, this Court will also strike the requests for punitive damages and attorneys' fees.  "Generally, absent an independent, intentional tort committed by the defendant, punitive damages are not available in an action for breach of contract." ***Berry v. Nationwide Mut. Fire Ins. Co.***, 181 W. Va. 168, 175, 381 S.E.2d 367, 374 (1989).  Likewise, [a]ttorneys' fees are generally not available for breach of contract claims." ***Mills Wetzel Lands, Inc. v. EQT Prod. Co.***, No. 5:18CV23, 2019 WL 286748, at *7 (N.D. W.Va. Jan. 22, 2019) (Stamp, J.).

## II.   The unjust enrichment claim will be dismissed because an express contract exists relating to the same subject matter.

In the Complaint, plaintiff asserts claims for both breach of contract in relation to the oil and gas lease, as well as for unjust enrichment relating to improperly diverted royalties. "Under West Virginia law, there can be no recovery for unjust enrichment if there is an express contract covering the same subject matter. . . . *See **Case v. Shepherd***, 140 W.Va. 305, 311, 84 S.E.2d 140, 144 (1954) ('An express contract and an implied contract, relating to the same subject matter, can not co-exist.'); ***Ohio Valley Health Servs. & Educ. Corp. v. Riley***, 149 F.Supp.3d 709, 720–22 (N.D. W.Va. 2015) ('quasi-contract claims, like unjust

enrichment or quantum meruit, are unavailable when an express agreement exists because such claims only exist in the absence of an agreement.')" ***Worldwide Mach. L.P. v, Columbia Gas Transmission***, LLC, No. 5:19-CV-208, 2019 WL 3558174, at *2 (N.D. W.Va. Aug. 5, 2019) (Bailey, J.).

It is clear that plaintiff in this case cannot ultimately recover for both breach of contract and unjust enrichment.  However, "a plaintiff is permitted to plead unjust enrichment as an alternative to contract recovery 'when the terms of a contract or [the] parties to said contract are disputed.'" ***Span Constr. & Eng'g, Inc. v. Uwharrie Builders***, LLC, No. 3:18-CV-178, 2019 WL 1574233, at *2 (N.D. W.Va. Jan. 30, 2019) (Groh, C.J.) (quoting ***RaceRedi Motorsports, LLC v. Dart Machinery, Ltd.***, 640 F.Supp.2d 660, 666 (D.Md. 2009)).

Here, plaintiff contends that the unjust enrichment claim should not be dismissed because it can be pled in the alternative to a breach of contract claim.  As cited by plaintiff, this kind of pleading in the alternative is permitted "where the existence of a contract concerning the subject matter is in dispute." [Doc. 26 at 9] (quoting ***Span Constr. & Eng'g, Inc.***, 2019 WL 1574233, at *2 (citations omitted)).  That does not appear to be the case here.  As summarized by defendants, "there is no alternative factual scenario in the Complaint in which the Lease would not govern."  [Doc. 29 at 4].  Accordingly, the unjust enrichment claim will be dismissed.

## III.    The Court will not strike the allegation regarding predecessor liability at this stage in the proceedings.

Plaintiff alleges that defendants predecessors to the lease, Gastar, engaged in the same behaviors described in the Complaint prior to assigning the lease to defendants and

7

that defendants are liable to plaintiffs for Gastar's underpayment of royalties. [Doc. 1 at 25]. Defendants contend that plaintiff has not stated a claim relating to successor liability and ask this Court to strike this allegation. "Under West Virginia law, '[a] successor corporation can be liable for the debts and obligations of a predecessor corporation if there was an express or implied assumption of liability, if the transaction was fraudulent, or if some element of the transaction was not made in good faith.' Syl. pt. 3, *Davis v. Celotex Corp.*, 420 S.E.2d 557 (W.Va.1992). Further, a successor corporation may be liable also if 'the successor corporation is a mere continuation or reincarnation of its predecessor.' *Id.* These are exceptions to the common law rule that held 'the purchaser of all the assets of a corporation was not liable for the debts or liabilities of the corporation purchased.' *Id.* at syl. pt. 2." *Sec. Alarm Fin. Enterprises, Inc. v. Parmer*, No. 1:12CV88, 2014 WL 1478840, at *10 (N.D. W.Va. Apr. 14, 2014) (Stamp, J.).

As this Court has previously found, "many courts have declined to dispose of the plaintiff's successor liability claims at the motion to dismiss stage because the claims need factual development." *Diloreti v. Countrywide Home Loans, Inc.*, No. 5:14-CV-76, 2014 WL 12771142, at *6 (N.D. W.Va. Nov. 14, 2014) (Bailey, J.) (citation omitted); *Mey v. Castle L. Grp., PC*, No. 5:19-CV-185, 2020 WL 3440566, at *5 (N.D. W.Va. June 23, 2020) (Bailey, J.). The Court will do the same here and declines to strike the predecessor liability allegation. Defendants are free to raise this issue on summary judgment.

IV.    **The Court will not strike the class allegations at this early stage of the proceedings.**

Finally, defendants ask this Court to strike plaintiff's class allegations for being overbroad. Generally, class allegations should not be addressed at the pleadings stage. As this Court has previously summarized:

> Courts consistently deny such motions because class allegations should not be addressed at the pleading stage, before plaintiff has had full opportunity for discovery and to revise the class definition as necessary. *See Manning v. Boston Med. Ctr. Corp.*, 725 F.3d 34, 59-60 (1st Cir. 2013) (vacating district court order striking class and collective action allegations from complaint, explaining that "'striking a pleading is a drastic remedy and…it is often sought by the movant simply as a dilatory or harassing tactic'"); *Damasco v. Clearwire Corp.*, 662 F.3d 891, 897 (7th Cir. 2011) ("a court may abuse its discretion by not allowing for appropriate discovery before deciding whether to certify a class"); *Graves v. Southwestern & Pacific Specialty Fin., Inc.*, 2013 WL 5945851, at *2 (N.D. Cal. Nov. 4, 2013) ("motions to strike class allegations are disfavored because a motion for class certification is a more appropriate vehicle for arguments pertaining to the class allegations"); *Smith v. Wash. Post. Co.*, 962 F.Supp.2d 79, 89–90 (D.D.C. 2013) ("[A] motion to strike is a disfavored, drastic remedy[.] Courts rarely grant motions to dismiss or strike class allegations before there is a chance for discovery."); *Calibuso v. Bank of Am. Corp.*, 893 F.Supp.2d 374, 383 (E.D. N.Y. 2012) (same); *Chaney v. Crystal Beach Capital, LLC*,

2011 WL 17639, at *2 (M.D. Fla. Jan. 4, 2011) (denying portion of motion to dismiss seeking to strike class allegations, noting "'the shape and form of a class action evolves only through the process of discovery, and it is premature to draw such a conclusion before the claim has taken form'" (quoting *Motisola Malikha Abdallah v. Coca–Cola Co.,* 1999 WL 527835 (N.D. Ga. July 16, 1999) (*in turn citing Jones v. Diamond,* 519 F.2d 1090, 1098 (5th Cir.1975)); *Ironforge.com v. Paychex, Inc.,* 747 F.Supp.2d 384, 404 (W.D. N.Y. 2010) (Motions to strike class allegations are "disfavored" by courts because they "requir[e] a reviewing court to preemptively terminate the class aspects of litigation, solely on the basis of what is alleged in the complaint, and before plaintiffs are permitted to complete the discovery to which they would otherwise be entitled on questions relevant to class certification"); *Ehrhart v. Synthes (USA),* 2007 WL 4591276, at *5 (D.N.J. Dec. 28, 2007) ("Decisions from our sister courts (and courts in a number of other jurisdictions) have made clear that dismissal of class allegations at [the motion to dismiss] stage should be done rarely and that the better course is to deny such a motion because the 'shape and form of a class action evolves only through the process of discovery'") (citing cases).

*Alig v. Quicken Loans Inc.,* No. 5:12-CV-114, 2015 WL 13636655, at *3 (N.D. W.Va. Oct. 15, 2015) (Bailey, J.).  This Court sees no reason to depart from the above analysis; defendants can raise their arguments at the motion for class certification stage.

## <u>CONCLUSION</u>

For the reasons stated above, TH Exploration, LLC, TH Exploration II, LLC, and Tug Hill Operating, LLC's Motion for Partial Dismissal of Plaintiff's Complaint and to Strike the Class Allegations [**Doc. 21**] is hereby **GRANTED IN PART**.  Counts II and III are hereby **DISMISSED**, and the requests for punitive damages and attorneys' fees are **STRICKEN**. Plaintiff is granted leave to amend the Complaint.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: November 4, 2021.

**JOHN PRESTON BAILEY**
**UNITED STATES DISTRICT JUDGE**