**IN THE UNITED STATE DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

Southern Country Farms, Inc., a West
Virginia Corporation, individually, and on
behalf of all individuals and legal entities
similarly situated,

    Plaintiff,

vs.

THQ Appalachia I, LLC, EQT TGHL
Holdings Midco, LLC, EQT TGHL
Exploration, LLC, EQT TGHL Exploration
II, LLC, Tug Hill Operating, LLC and
Antinum Marcellus I, LLC,

    Defendants.

Case No. 5:21-cv-84

Judge John Preston Bailey

<u>**CONDITIONAL OBJECTION TO PROPOSED SETTLEMENT**</u>

  **NOW COMES,** Ridgetop Royalties, LLC ("**Ridgetop**"), by and through its undersigned

counsel, and hereby conditionally objects to the settlement proposed by the parties in this action

pending clarification from the Court that Ridgetop's claims in a case pending in the Circuit Court

of Marshall County, West Virginia are not released thereby.

  The undersigned counsel hereby certifies that it has conferred with counsel for the Class

Plaintiffs, who agree that the proposed settlement in this case does not release the claims asserted

by Ridgetop in the State Court action and consent to the relief requested by Ridgetop herein.

Additionally, counsel for the Class Plaintiffs advised that the Ridgetop litigation pending in the

Circuit Court of Marshall County was not identified by the Defendants' counsel as a related

litigation.  Therefore, counsel for the Class had no reason to even consider whether to attempt to

create a special exception for Ridgetop in the settlement agreement, seek additional compensation

for the class or for Ridgetop, or otherwise make provisions for any claim that even tangentially

relates to the circumstances Ridgetop appears to be addressing in its previously filed litigation with the Defendants.  Further, counsel for the Class provided that the issue with Ridgetop as to whether the Lease was or was not expired was never raised as an issue, claim or defense in this case.

## I.  BACKGROUND

On July 14, 2020, Ridgetop filed a lawsuit in the Circuit Court of Marshall County, West Virginia against defendants, EQT TGHL Exploration, LLC, EQT TGHL Exploration II, LLC, Tug Hill Operating, LLC ("**Defendants**"), which is styled *Ridgetop Royalties, LLC v. EQT TGHL Exploration, LLC, et al.,* Case No. CC-25-2020-C-89 (the "***Ridgetop Lawsuit***").

In the *Ridgetop Lawsuit,* Ridgetop seeks a declaratory judgment and damages for Defendants' trespass, conversion, and slander of title ("**Ridgetop's Claims**"). (*Ridgetop Lawsuit,* Compl. attached hereto as Ex. A). More specifically, Ridgetop seeks a declaration from the Circuit Court that an oil and gas lease between Ridgetop's predecessor in title, DWG Oil and Gas Acquisitions, LLC, as lessor, and Gastar Exploration USA, Inc. ("**Gastar**"), as lessee, with an effective date of January 21, 2014 (the "**Lease**"), expired and is no further force and effect. *Id*. Ridgetop maintains that the Lease expired upon the expiration of the primary term on January 21, 2019, due to the uncontested fact that there was no production of oil or gas or other substances covered by the Lease in paying quantities from the lease premises or from lands pooled with the lease premises at that time. *Id.* Ridgetop's tort claims are based upon Defendants' continued production of Ridgetop's oil and gas following the expiration of the Lease. *Id.*

By Order dated October 20, 2020, the Circuit Court permitted Ridgetop to deposit the funds Defendants tendered to Ridgetop as "royalties" into the Registry of the Circuit Court until such time as it is determined in that action whether such funds are "royalties" rightfully payable to Ridgetop under the Lease as argued by Defendants, or an advanced payment of "damages" for

Defendants' illegal and unauthorized production of Ridgetop's oil and gas. (*Ridgetop Lawsuit,* Order Granting Pl.'s Mot. to Deposit Funds in Court Registry, Ex. B) ("**Order to Deposit**"). The *Order to Deposit* also ordered the Defendants to "pay any future royalties for the oil and gas produced from the wells subject to this action directly into the registry of the Court." *Id.*

Almost a year after the commencement of the *Ridgetop Lawsuit,* on June 3, 2021, Southern Country Farms, Inc., initiated this class action against Defendants, and others, seeking recovery for underpayment of royalties. (*Southern Country Farms, Inc. v. TH Appalachia I, LLC, et al.*, Case No. 5:21-cv-84, *Complaint*, ECF 1 (N.D.W.Va.)). The plaintiff in this case claims that the Defendants were reducing royalty payments through the use of improper post-production deductions contrary to the applicable lease language and West Virginia law and not paying royalties on 100% of the NGLs produced from hundreds of leases covering property in Marshall County, West Virginia wherein Gastar was the lessee (the "**Class Leases**"). (Memo. in Supp. of Settlement Agreement, ECF 377).

On March 23, 2023, this Court certified the following class:

**All current lessors**, who own a royalty interest, or a right to a royalty interest, in or to an oil and gas mineral lease, in which any of the defendants ever owned an interest, covering property located in West Virginia with royalty clauses providing in substance the following royalties:

(a) on oil (including but not limited to distillate and condensate) One eighth (1/8) of that produced and saved from the lease premises, the same to be delivered at the wells or to the credit of Lessor in the pipeline to which the wells may be connected, provided; however, Lessee, at its option, may from time to time purchase the royalty oil, paying not less than the price prevailing in the pricing area for oil of like grade and gravity at the time of delivery;

b) on gas, including casinghead gas and all other gaseous or vaporous substances, produced from the Land and sold or used off the lease premises or in the manufacture of gasoline or in the extractions of sulphur or any other product, the market value at the wells of One-eight (1/8) of the gas sold or used, with the market value at the wells in no event to exceed the net proceeds received by Lessee calculated or allocated back to the wells from which produced, making allowance

and deduction for a fair and reasonable charge for gathering, compressing, and making the gas merchantable,...

The following are **EXCLUDED** from the class:

(a) The members, officers, directors, and/or legal representatives of any Defendant and their immediate family;

(b) Any entity which is majority owned or otherwise controlled by a member, officer, director and/or legal representative of any Defendant and/or their immediate family;

(c) Any judge or judicial personnel assigned to this case and their immediate family.

(the "**Class**"). ([Second] Order Certifying Class, ECF 153) (emphasis added).

While the Lease at issue in the *Ridgetop Lawsuit* may have qualified as a Class Lease, Ridgetop maintains that it is not a member of the Class because Ridgetop is not a "current lessor" since the Lease expired on January 21, 2019. Ridgetop also believes and maintains that the release contained in the proposed Settlement Agreement does not preclude Ridgetop's claims in the *Ridgetop Lawsuit.*

Yet, Defendants maintain that Ridgetop is a member of the Class and that Ridgetop's claims in the *Ridgetop Lawsuit* are barred by the doctrines of *res judicata* and judicial estoppel due to the proposed settlement in this case. (*Ridgetop Lawsuit*, Brief in Supp. Of Def.' Am. Mot. For Summ. J., excerpt attached hereto as Ex. C, at 16-19).

Ridgetop does not seek a determination from this Court on whether Ridgetop is a "current lessor" and thus a member of the Class. The decision of whether the Lease expired is the subject of the *Ridgetop Lawsuit* and should be determined by the Circuit Court of Marshall County. Instead, Ridgetop respectfully files this conditional objection for the purpose of obtaining clarification from this Court that Ridgetop's Claims in the *Ridgetop Lawsuit* are not released and remain unaffected by the proposed settlement in this case. If the release extends to Ridgetop's

Claims, then the settlement is unfair, inadequate, unreasonable, and violates Ridgetop's due-process rights for the reasons set forth herein below.

## II.   LAW AND ARGUMENT

### A.  Ridgetop's Claims are not released by the proposed settlement in this case.

On November 13, 2023, this Court preliminarily approved a proposed settlement which would finally resolve all outstanding claims and issues in this case, and result in the voluntary dismissal, with prejudice, of this action. (Judgment on Plaintiffs' Motion for Prelim. Approval of Class Settlement, ECF 361). Under the Settlement Agreement, the Class is entitled to receive up to $21 million in total compensation, allocated among Class Members in accordance with a Plan of Allocation to be submitted and approved by this Court. (Settlement Agreement, ECF 377-4, at 22).

In exchange for the settlement payments, Class Members "will release Defendants from claims for unpaid royalties due for production from the Class leases during the period up to and through November 30, 2023." (Memo. in Supp. of Settlement Agreement, ECF 377, at 10). Specifically, the Settlement Agreement defines "Released Claims" as follows:

> "Released Claims" include all claims that the Settlement Class may have against the Released Parties for any and all royalties owed to the Class for production from the Class Leases in accordance with the terms of the Class Leases for the period up to and through, and only through, November 30, 2023. Released Claims includes any and all causes of action, choses in action, demands, debts, obligations, duties, liens, liabilities, and theories of liability and recovery of whatsoever kind and nature, whether based in contract or tort, whether arising in equity or under the common law, whether by statute or regulation, whether known or unknown, whether asserted by the Settlement Class in the past, present, or future, and whether contingent, prospective, or matured, whether for actual or punitive damages relief, interest, injunctive relief, declaratory relief, equitable relief, or any other type of relief, that are, were, or could have been asserted in the Litigation. Released Claims do not include (i) claims, except those claims for underpayment released herein, regarding entitlement to money held in suspense by the EQT Defendants; (b) claims regarding the calculation of a Settlement Class Members' decimal interest in any unit that contains a Class Lease; (c) title disputes related to a Settlement Class

Members' ownership interest in a Class Lease; or (d) claims regarding surface or crop damage.

(Settlement Agreement, ECF 377-4,  at 12).

Ridgetop's Claims asserted in the *Ridgetop Lawsuit* do not include claims for royalties owed to it for production from the Lease. Rather, Ridgetop seeks a determination that the Lease expired and that damages are due to it from Defendants' tortious conduct following the expiration of the Lease. Ridgetop's Claims could also not have been asserted in this case. Ridgetop's claims not only differ factually but arise from different events and courses of conduct that gave rise to the claims of the other class members, and are based upon different legal theories. (*See* [First] Order Certifying the Class, ECF 140, at 16) (describing the typicality requirement of Fed. R. Civ. P. 23).

Counsel for the Class Plaintiffs do not believe that the release covers Ridgetop's Claims. Defendants also apparently did not previously believe that Ridgetop's Claims would be affected by this litigation since Defendants failed to make this Court aware of the *Ridgetop Lawsuit*. (*Id.*, ECF 140, at 26) (finding the existence of other related litigation under Fed. R. Civ. P. 23(b)(3)(B) a non-factor "since this Court has been made aware of no other lawsuits against the defendants concerning this issue.")

It is clear that neither party intended for the release contained within the Settlement Agreement to be interpreted so broadly to include tort claims based upon an entirely different set of facts and legal theories that were previously pending in Circuit Court upon the commencement of this action. However, Defendants now appear to intend on using this Settlement Agreement as a mechanism to preclude any prior and future claims arising from the Class Leases, regardless of whether such claims are related to this action. The Settlement Agreement is not a blanket ratification of the Lease and it should not be construed to be one.

**B. If the release extends to Ridgetop's Claims, then the settlement is unfair, inadequate, unreasonable, and violates Ridgetop's due-process rights.**

If the proposed settlement were to release Ridgetop's Claims, then the value that the proposed settlement provides is inadequate. Courts evaluating class-action settlements must find that the benefits to class members is commensurate with the scale of the litigation and the plaintiffs' chances of success at trial. *1988 Trust for Allen Children Dated 8/8/88 v. Banner Life Insurance Company*, 28 F.4th 513, 527 (C.A.4 (Md.), 2022). The value of Ridgetop's Claims in the *Ridgetop Lawsuit* vastly exceeds the value of the settlement relief it may obtain from this case. If Ridgetop is successful in establishing its tort claims in the *Ridgetop Lawsuit*, Defendants could be liable to Ridgetop in excess of $10 million. However, Ridgetop stands to gain a mere $8,606.83 as a settlement payment in this case. *See* "Benefit Notice to the Settlement Class Participants" attached hereto as <u>Ex. D</u>. The settlement provides no compensation for the release of Ridgetop's Claims. Nor was any discovery was conducted in this case about the scope or value of Ridgetop's Claims. That serves to confirm that the release does not extend to Ridgetop's Claims. If it did, approving the settlement would be error.

Additionally, if the proposed settlement's release were read to affect Ridgetop's Claims, the named plaintiff would not be an adequate representative of Ridgetop. "To be adequate, the named representatives 'must be part of the class and possess the same interest and suffer the same injury as the class members.'" *1988 Trust*, 28 F.4th at 528 (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625–626, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997); *Davis v. J.P. Morgan Chase & Co.*, 827 F. Supp. 2d 172, 181 (W.D.N.Y. 2011) (citing *Nat'l Super Spuds, Inc. v. New York Mercantile Exch.*, 660 F.2d 9, 19 (2d Cir. 1981))( "[S]ettling class members generally cannot validly release other class members' claims that they themselves do not possess, for no consideration.") The causes of action asserted by named plaintiff relate to Defendants' improper

reductions of royalty payments from existing leases. Ridgetop's claims relate to the fact that the Lease expired prior to any production, which is entirely unique from the named plaintiff and every other member of the Class. Therefore, if the release is interpreted to include Ridgetop's Claims, the class representatives are inadequate and the proposed settlement should be rejected. *Id.*

Finally, nothing in the notice, Settlement Agreement, motion for approval, or this Court's preliminary approval order would alert Ridgetop that it may be foregoing its claims pending in the Circuit Court of Marshall County if it does not opt out. *See generally* ECF 199-1, 377-4, 376, 377 and 361. This fact also confirms the proposed settlement does not release Ridgetop's Claims. As the Third Circuit held more than a decade ago, absent class members "can hardly knowingly waive some of their . . . rights without a clear notice of what they are waiving." *In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Prods. Liab. Litig.*, 369 F.3d 293, 308 (3d Cir. 2004). Thus, if Ridgetop's claims are included in the settlement's release, the notice does not "pass constitutional muster." *In re Cendant Corp. Sec. Litig.*, 109 F. Supp. 2d 273, 281 (D.N.J. 2000), aff'd 264 F.3d 286 (3d Cir. 2001).

For these reasons, the release does not affect Ridgetop's Claims pending in the *Ridgetop Lawsuit*. But if it were nonetheless construed to do so, due process, Rule 23, and decades of caselaw would dictate that the proposed settlement should not be approved.

**C. Any settlement payment due to Ridgetop from the class settlement should be deposited in the Registry of the Circuit Court of Marshall County pursuant to the Court's *Order to Deposit*.**

On October 20, 2020, the Circuit Court entered the *Order to Deposit* which ordered that all royalties payable under the Lease be deposited into the Registry of the Court. Ex. B. The settlement payment in this case constitutes payment of royalties owed to the Class for production from the Class Leases that were wrongfully withheld by Defendants through November 30, 2023.

(Settlement Agreement, ECF 356-1). Therefore, any settlement payment should be deposited into the Registry of the Circuit Court of Marshall County have been Ordered to be deposited, until such time the Circuit Court determines whether the Lease expired.

Provided that this Court determines that Ridgetop's Claims are not released by the Settlement Agreement, and in the unlikely event that the Circuit Court finds in the *Ridgetop Lawsuit* that the Lease did not expire and thus Ridgetop is a member of the Class, Ridgetop believes that the proposed settlement is fair and reasonable

**WHEREFORE**, Ridgetop Royalties, LLC, prays that this Honorable Court enter an Order confirming that Ridgetop's Claims are not released by the proposed settlement in this action; directing the Settlement Claims Administrator, Thomas Pratt and Schnieder Downs & Co., Inc. to deposit any settlement payment due to Ridgetop into the Registry of the Circuit Court of Marshall County, West Virginia pursuant to the Circuit Court's *Order to Deposit*; and granting such other and further relief as the Court deems meet and proper.

Respectfully submitted,

**RIDGETOP ROYALTIES, LLC**

By: _____
                    Counsel

Carl A. Frankovitch, Esq. (WV Bar ID 12150)
FRANKOVITCH, ANETAKIS,
SIMON, DECAPIO & PEARL, LLP
337 Penco Road
Weirton, WV 26062
Tel.: (304) 723-4400
Fax: (304) 723-5892
Email: cfrankovitch@faslaw.com

**IN THE UNITED STATE DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

Southern Country Farms, Inc., a West
Virginia Corporation, individually, and on
behalf of all individuals and legal entities
similarly situated,

                Plaintiff,

vs.

THQ Appalachia I, LLC, EQT TGHL
Holdings Midco, LLC, EQT TGHL
Exploration, LLC, EQT TGHL Exploration
II, LLC, Tug Hill Operating, LLC and
Antinum Marcellus I, LLC,

                Defendants.

Case No. 5:21-cv-;84

Judge John Preston Bailey

## CERTIFICATE OF SERVICE

Service of the foregoing **Conditional Objection to Proposed Settlement** was served upon

all counsel parties by CM/ECF service on this 22nd day of January 2024.

Thomas C. Ryan
Travis L. Bannon
Emily C. Weiss
K&L Gates LLP
K&L Gates Center
210 Sixth Avenue Pittsburgh, Pennsylvania 15222
*Counsel for TH Exploration*

David K. Hendrickson, Esq.
Stephen E. Hastings, Esq.
Hendrickson & Long, PLLC
214 Capitol Street
P.O. Box 11070
Charleston, West Virginia 25339
*Counsel for Antinum Marcellus I, LLC*

Mark A. Kepple, Esq.
Thomas E. Buck, Esq.
1219 Chapline Street
Wheeling, WV 26003
*Counsel for Class Plaintiffs*

Thomas E. White, Esq.
White Law Office
604 6th St.
Moundsville, WV 26041
*Counsel for Class Plaintiffs*

Robert L. Redfearn, Esq.
Robert L. Redfearn, Jr. Esq.
Simon, Peragine, Smith & Redfearn
1100 Poydras St. #3000
New Orleans, LA 70163
*Counsel for Class Plaintiffs*

Joseph Scipione, Esq.
The Nittany Group
2437 Commercial Boulevard, Suite 240
State College, PA 16801
*Counsel for Class Plaintiffs*

By: _____

Carl A. Frankovitch, Esq.